William C. BLOOMQUIST, Plaintiff,

v.

Justice Pamela ALBEE, et al., Defendants.

No. CIV.03–276–P–S.

United States District Court, D. Maine.

Jan. 28, 2005.

Thomas A. Knowlton, Dept. of Attorney General, Augusta, ME, for Stephanie Anderson, Will Berry & Ann Berlind.

William C. Bloomquist, pro se.

Jonathan S. Piper, Sigmund D. Schutz, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, ME, for WGME TV, WMTW–TV, and Portland Press Herald.

John M.R. Paterson, Bernstein, Shur, Sawyer & Nelson, Sigmund D. Schutz, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, ME, for WCSH–TV.

## ORDER ON MOTION TO CLARIFY OR AMEND THE COURT'S ORDER GRANTING THE MOTION FOR PARTIAL JUDGMENT

SINGAL, Chief Judge.

Before the Court is Defendants' Joint Motion to Clarify or Amend the Court's Order Granting the Motion for Partial Judgment on the Pleadings (Docket # 114) (the "Motion to Clarify"). The Motion was filed by Portland Press Herald, WGME, Inc., Pacific and Southern Company d/b/a WCSH–TV and WMTW Broadcast Group, LLC (together, the "Selected Media Defendants"). The Motion asks this Court to amend its December 21, 2004 Order Affirming in Part the Recommended Decision of the Magistrate Judge (Docket # 111) to include Counts 35 and 36 among the Counts for which judgment on the pleadings is entered on behalf of the Selected Media Defendants. As briefly explained below, the Court finds this Motion to be procedurally improper and, on that basis, DENIES the Motion.

The Selected Media Defendants' Motion to Clarify asserts that they are entitled to judgment on Counts 35 and 36 for the same reasons they were granted judgment on Counts 13, 15 and 16. In the original Recommended Decision (Docket # 102), the Magistrate Judge recommended a sua sponte dismissal of Counts 13, 15 and 16, finding that these claims arose under 42 U.S.C. § 1983 and could not be asserted against defendants who were not state actors. (See Recommended Decision (Docket # 102) at 2.) After finding Plaintiff's objections to this portion of the Recommended Decision to be meritless, the Court ordered that judgment on the pleadings be entered for the Media Defendants on Counts 13, 15 and 16. (See Order (Docket # 111) at 2 & 6.)

In essence, the Selected Media Defendants apparently now seek dismissal of Counts 35 and 36 on the grounds that these counts are, in fact, similar to Counts 13, 15 and 16. However, Defendants never sought dismissal of Counts 35 and 36 in any of the memoranda that were filed in connection with the Recommended Decision (Docket # 102) or this Court's Order Affirming in Part the Recommended Decision of the Magistrate Judge (Docket # 111). Thus, the Court's alleged "failure to include Counts 35 and 36" was not an "oversight" by the Court. (Mot. to Clarify (Docket # 114) at 4.) In short, a defendant is not entitled to an order dismissing any count that it has not moved to dismiss.

The Motion to Clarify does not cite to any Federal Rule of Civil Procedure that contemplates the Court amending a previous ruling in order to enter judgment on additional claims that have not been the focus of previous briefing by the parties or discussion by the Court. And, frankly, the Court does not believe that the Federal Rules of Civil Procedure grant this Court authority to engage in such "clarifications."

If, upon reading the rulings in this case, the Selected Media Defendants have reason to believe that there are additional counts that fail to state a proper claim against them, the appropriate course is to move for dismissal or summary judgment on those counts. By utilizing this procedural mechanism, the Selected Media Defendants would give Plaintiff due notice that they are moving for judgment on additional counts, not just seeking a clarification.

Because the Court finds that the Motion to Clarify is procedurally improper, the Motion is DENIED.

SO ORDERED.